UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| SAN ANTONIO NATIONAL BANK ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | Civil Action No. SA-11-CA-0149-XR |
| ) | |
| DAKTRONICS, INC. ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

**ORDER**

On this date, the Court considered Plaintiff San Antonio National Bank's Motion to Remand (docket no. 10), and Defendant's response thereto. After careful consideration, the Court will DENY the motion.

**Background**

Plaintiff San Antonio National Bank filed this lawsuit in state court, the 224th Judicial District of Bexar County, on December 2, 2010.[1] Plaintiff sued Defendant Daktronics, Inc., seeking a declaratory judgment terminating an advertising contract. The contract provided for a ten year term with payments totaling $200,000.[2] A dispute arose between the parties, and Plaintiff sent Defendant a $15,000 check, along with a letter explaining that Plaintiff intended Defendant to accept the check only if they agreed that amount sufficed to terminate the contract. In its Petition, Plaintiff requests

---

[1] Orig. Pet. For Decl. J., December 2, 2010 (Docket Entry No. 1, Attach. No. 3).

[2] *Id.*, Ex. A.

1

a declaratory judgment that the $15,000 check fully and completely satisfied any claims Defendant may have against Plaintiff.

Defendant was served on February 8, 2011, and filed its Notice of Removal on February 23, 2011, based on diversity jurisdiction.[3] Defendant claims that it is a South Dakota corporation with its principal place of business in South Dakota, and Plaintiff is a Texas corporation with its principal place of business in Texas.

Plaintiff filed its Motion to Remand on February 24, 2011, asserting that the amount in controversy is not greater than $75,000, and thus there is no basis for diversity jurisdiction.[4] Plaintiff asserts that the only monetary relief it seeks is $5,000 in attorney's fees, and that the settlement it wishes to enforce by declaratory judgment is limited to the $15,000 check. Plaintiff moves that the case be remanded, and that it be awarded attorney's fees for the amount spent to enforce the settlement.

Defendant asserts in its Response to Plaintiff's Motion to Remand that the amount in controversy exceeds $75,000.[5] Defendant contends that the actual amount in controversy is Plaintiff's debt owed to Defendant as of the date Defendant filed its Notice of Removal, which is $150,000.

## Analysis

District courts have subject matter jurisdiction over diversity suits where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). "In an action for declaratory relief, the amount

---

[3] Def. Daktronics, Inc.'s Notice of Removal, February 23, 2011 (Docket Entry No. 1).

[4] San Antonio Nat. Bank's Mot. to Remand, February 25, 2011 (Docket Entry No. 10).

[5] Def. Daktronics, Inc.'s Resp. to Pl.'s Mot. to Remand, February 28, 2011 (Docket Entry No. 11).

in controversy is 'the value of the right to be protected or the extent of the injury to be prevented.'" *Hartford Ins. Group v. Lou-Con Inc.*, 293 F. 3d 908, 910 (5th Cir. 2002)(quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983). Generally, the removing party has the burden to prove by a preponderance of the evidence that the claim exceeds $75,000, either by (1) showing that it is facially apparent from the petition, or (2) by setting forth summary-judgment type evidence that supports the requisite finding. *Allen v. R. & H. Oil & Gas Co.*, 63 F.3d 1326, 1335, n.14 (5th Cir. 1995). If a defendant shows by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum, a plaintiff seeking remand must show to a legal certainty that the damages will not exceed $75,000.00. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

Defendant has produced Plaintiff's state court Petition for Declaratory Judgment and the advertising contract itself as proof that the amount in controversy exceeds $75,000. Defendant contends that because Plaintiff owes $150,000 on the advertising contract, $150,000 is the true amount in controversy, not the $5,000 in attorney's fees as Plaintiff argues. The Court finds that the "value of the right to be protected" in this case is the $150,000 value of the advertising contract.[6] If Plaintiff prevails, it could be rewarded not only with attorney's fees, but also a declaratory judgment discharging the remaining $150,000 obligation. Therefore, the value of the right asserted by Plaintiff is not only the $5,000 in attorney's fees, but also the remaining $150,000 contractual obligation. Defendant has met its burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000.

Plaintiff rests on its assertion that $5,000 is the amount in controversy and does not address

---

[6]*See Hartford*, 293 F. 3d 908, 910 (5th Cir. 2002).

what effect its remaining obligation under the advertising contract, if any, has on this determination. Plaintiff has failed to show to a legal certainty that it will not be able to recover in excess of the jurisdictional minimum, and thus its motion to remand must be denied.

## Conclusion

Plaintiff's Motion to Remand (docket no. 10) is DENIED.

It is so ORDERED.

SIGNED this 17th day of March, 2011.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE